UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
MAR 1 2 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| DANNY L. NICKELSON, JR., | ) ) | **4:25CR125-RWS/PLC** |
| Defendant. | ) ) | |

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At all times material to this Indictment, unless otherwise specified below:

### The Defendant and His Company

1. Defendant DANNY L. NICKELSON, JR. ("NICKELSON") was a resident of Pacific, Missouri, within the Eastern District of Missouri.

2. General Physiotherapy, Inc. ("General Physiotherapy") was a corporation doing business in Earth City, Missouri, within the Eastern District of Missouri. General Physiotherapy was in the business of manufacturing and distributing massage and percussion devices used in fields including physical therapy, respiratory therapy, and sports medicine.

3. NICKELSON was the president and owner of General Physiotherapy.

### Employment Tax Withholdings

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

5. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers are required to withhold amounts from their employees' gross pay including Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal income taxes. These taxes are often collectively referred to as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States. Employers are required to remit these withheld, trust fund amounts to the IRS on a quarterly basis, no later than the last day of month following the end of the quarter.

6. In addition to the trust fund taxes that must be withheld from pay, employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions are likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly are commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security and Medicare taxes) and the matching amounts contributed by the employer.

7. Employers are required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

8. A person is responsible for collecting, accounting for, and paying over the employment taxes if he or she has the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

9. As its president and owner, NICKELSON exercised significant control over General Physiotherapy's financial affairs. Among other acts, NICKELSON approved payments on behalf of the company, controlled company bank accounts, managed payroll, and prepared, signed, and distributed paychecks to employees. Thus, NICKELSON was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Form 941s with the IRS, and paying over to the IRS the employment taxes for General Physiotherapy's employees.

10. Beginning at least as early as 2013, and continuing until at least 2022, NICKELSON withheld trust fund taxes from his employees' paychecks. However, although NICKESON had withheld these taxes from his employees' wages, he failed to file Form 941s to account for the taxes and failed to pay those funds over to the IRS.

## COUNTS 1–16
### Failure to Account for and Pay over Trust Fund Taxes (26 U.S.C. § 7202)

11. The above paragraphs are realleged and incorporated by reference as if fully set forth herein.

12. On or about the dates listed below, in the Eastern District of Missouri and elsewhere, the defendant,

**DANNY L. NICKELSON, JR.,**

willfully failed to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of General Physiotherapy for the calendar quarters listed below, each calendar quarter constituting a separate count:

| Count | Calendar Quarter Ending | Due Date of Form 941 | Trust Fund Taxes Due and Owing |
|---|---|---|---|
| 1 | March 31, 2019 (first quarter) | April 30, 2019 | $9,750.79 |
| 2 | June 30, 2019 (second quarter) | July 31, 2019 | $9,750.79 |

| 3 | September 30, 2019 (third quarter) | October 31, 2019 | $9,750.79 |
| 4 | December 31, 2019 (fourth quarter) | January 31, 2020 | $9,750.79 |
| 5 | March 31, 2020 (first quarter) | April 30, 2020 | $10,166.00 |
| 6 | June 30, 2020 (second quarter) | July 31, 2020 | $10,166.00 |
| 7 | September 30, 2020 (third quarter) | October 31, 2020 | $10,166.00 |
| 8 | December 31, 2020 (fourth quarter) | January 31, 2021 | $10,166.00 |
| 9 | March 31, 2021 (first quarter) | April 30, 2021 | $8,811.82 |
| 10 | June 30, 2021 (second quarter) | July 31, 2021 | $8,811.82 |
| 11 | September 30, 2021 (third quarter) | October 31, 2021 | $8,811.82 |
| 12 | December 31, 2021 (fourth quarter) | January 31, 2022 | $8,811.82 |
| 13 | March 31, 2022 (first quarter) | April 30, 2022 | $6,208.23 |
| 14 | June 30, 2022 (second quarter) | July 31, 2022 | $6,208.23 |
| 15 | September 30, 2022 (third quarter) | October 31, 2022 | $6,208.23 |
| 16 | December 31, 2022 (fourth quarter) | January 31, 2023 | $6,208.23 |

All in violation of Title 26, Untied States Code, Section 7202.

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
JONATHAN A. CLOW #68003MO
Assistant United States Attorney